Filed 4/16/25  P. v. Gonzalez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC GONZALEZ,<br><br>    Defendant and Appellant. | B330962<br><br>(Los Angeles County<br>Super. Ct. No.<br>KA069429) |


APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Roberta L. Davis, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

Eric Gonzalez (defendant) appeals the trial court's summary denial of his petition for resentencing under Penal Code section 1172.6.[1]  Because defendant is not eligible for relief as a matter of law, any procedural error is harmless; we accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

I.    Facts[2]

A.    *The underlying crime*

Defendant and Hugo Hernandez (Hernandez) were members of Townsmen, a criminal street gang.  On a Friday night in January 2005, defendant, Hernandez, and a third Townsman went to a party hosted by Liliana Mendez (Mendez) at Mendez's residence, which was located in an area claimed by Townsmen and a rival gang called Little Hill.

When defendant, Hernandez, and the third Townsman arrived, they "hit up" other partygoers, asking them for their gang affiliation.  After one partygoer replied that he "didn't

---

1    All further statutory references are to the Penal Code unless otherwise indicated.

2    We have drawn these facts from our prior, unpublished opinion affirming defendant's conviction on appeal (*People v. Gonzalez* (Dec. 21, 2006, B188498) [nonpub. opn.]), but have independently confirmed them by examining the underlying trial record, of which we take judicial notice (Evid. Code, §§ 452, subd. (a), 459).

2

bang," Reinaldo Aguayo pushed that partygoer aside and declared to defendant and the others that he was "Downer from Little Hill."

Defendant then pulled out a gun and opened fire, striking Aguayo in the chest, abdomen, and arm.  Aguayo died from his wounds.

## B.    *Charging, conviction, and appeal*

The People charged defendant, Hernandez, and Mendez with (1) murder (§ 187, subd. (a)), and (2) conspiracy to commit assault by means likely to produce great bodily injury (§ 182, subd. (a)(1)).[3]  The People alleged that defendant personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)) (as well as lesser firearm enhancements), and that the crimes were committed "for the benefit of, at the direction of, and in association with a criminal street gang" (§ 186.22, subd. (b)(1)(A)).  The People further alleged that defendant had served three prior prison terms (§ 667.5, subd. (b)).

After Hernandez and Mendez entered pleas, defendant proceeded to a jury trial.  At the trial, defendant took the stand and testified that he shot Aguayo three times, but asserted that he did so in self-defense and in defense of his friends.  With regard to the murder charge, the trial court instructed the jury on the crime of murder.  There was no instruction on felony-murder liability or liability under the natural and probable consequences doctrine; the jury was instructed on direct aiding and abetting, but in relation to whether a particular witness was an accomplice.  The court also instructed the jury on the degrees of murder, including first degree murder solely on the theory that

---

[3]    The People also charged Mendez with misdemeanor false reporting of an offense (§ 148, subd. (a)).

defendant acted with premeditation and deliberation, which required a showing that "the killing was preceded and accompanied by a clear, deliberate intent on the part of the defendant to kill." The court further instructed on the lesser-included offenses of voluntary manslaughter (due to imperfect self-defense and heat of passion) as well as the defenses of self-defense and defense of others.

After the trial court granted a motion for judgment of acquittal on the conspiracy count, the jury returned a guilty verdict finding defendant guilty of first degree murder. The jury also found that defendant had personally discharged a firearm causing death or great bodily injury, and found the gang enhancement to be true. At a bifurcated proceeding, the trial court found the prior prison term allegations to be true.

The court imposed a prison sentence of 50 years to life for the murder count (comprised of 25 years to life for the murder count and 25 years to life for the firearm enhancement), plus three years for the three prior prison term enhancements.

We affirmed defendant's conviction on appeal in an unpublished opinion.

## II.   Procedural Background

### A.   *First section 1172.6 petition*

In 2021, defendant filed a petition for resentencing under section 1172.6.[4] The trial court summarily denied the petition without appointing defendant counsel on the ground that he was

_____

[4]    At the time defendant filed this petition, the statute was numbered 1170.95. Effective June 30, 2022, it was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). We refer to the law formerly codified at section 1170.95 as section 1172.6.

not entitled to relief as a matter of law in light of the jury's verdict, which necessarily encompassed a finding that defendant was the actual killer. Defendant did not appeal the order.

**B.** *Second section 1172.6 petition*

During a hearing in 2023 at which the trial court struck defendant's three prior prison term enhancements pursuant to Senate Bill No. 483, defendant's attorney filed a second section 1172.6 petition. The trial court summarily denied that petition after finding it was "not facially sufficient as [a section 1172.6 petition] was previously filed and denied."

**C.** *Appeal*

Defendant timely filed this appeal.

### DISCUSSION

Defendant argues that the trial court erred in summarily denying his second petition for resentencing under section 1172.6 because the court's rejection of the petition as being an impermissible successive petition is contrary to *People v. Farfan* (2021) 71 Cal.App.5th 942. Even if we assume that the trial court erred in concluding that defendant's petition was "not facially sufficient," and thus (as the People suggest) erred in not soliciting additional briefing as to whether defendant made a prima facie showing, any error was not prejudicial because defendant's petition would be summarily denied at the next, prima facie stage because it is foreclosed as a matter of law by the jury instructions that are part of the record of conviction before us. (*People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1239.)

In 2018, our Legislature amended the definition of murder in our State to preclude a jury from "imput[ing]" the "[m]alice" element of that crime "based solely on [a defendant's]

5

participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).) As amended, liability for murder (except in one circumstance not at issue here) is limited to persons (1) who are the actual killer, (2) who aided and abetted the actual killer in the murder (that is, who acted with the intent to kill), or (3) who were a major participant in an underlying felony that resulted in the killing, but only if they also acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e).)

As pertinent here, section 1172.6 is the procedural vehicle by which persons convicted of murder in now-final judgments can seek to vacate convictions that do not satisfy the currently permissible theories of homicide liability. (§ 1172.6, subd. (a).) In assessing whether a defendant seeking relief under section 1172.6 has made out a prima facie case warranting an evidentiary hearing, a trial court must take the petition's factual allegations as true and ask ""whether the petitioner would be entitled to relief if [those] factual allegations were proved."" (*People v. Lewis* (2021) 11 Cal.5th 952, 971; *People v. Patton* (2025) 17 Cal.5th 549, 563.) "However, if the record, including the court's own documents [from the record of conviction], "contain[s] facts refuting the allegations made in the petition,"" and "'conclusively'" "'establish[es] . . . that the defendant is ineligible for relief,'" then "'the court is justified in making a credibility determination adverse to the petitioner,'" and in summarily denying the petition. (*Lewis*, at p. 971; *People v. Wilson* (2023) 14 Cal.5th 839, 869; *Patton*, at p. 563.)

Here, the record of conviction conclusively establishes that

defendant is not eligible for relief under section 1172.6. That is because the jury was never instructed on the natural and probable consequences doctrine, the felony-murder doctrine, or any other theory of liability under which malice is imputed to a person based solely on their participation in a crime. *(People v. Bodely* (2023) 95 Cal.App.5th 1193, 1205*; People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].)

Defendant responds with two arguments.

First, he argues that the jury's true finding as to the firearm enhancement is insufficient to establish his ineligibility for relief under section 1172.6, citing *People v. Offley* (2020) 48 Cal.App.5th 588. In light of our reliance on the jury instructions, we need not address this argument.

Second, defendant cites *People v. Gallardo* (2024) 105 Cal.App.5th 296, for the proposition that an appellate court should not evaluate prejudice arising from errors in the summary denial of a section 1172.6 petition. To be sure, the appellate court in that case declined to take judicial notice of the record of conviction and thereby to assess whether a section 1172.6 petitioner was not entitled to relief as a matter of law on the ground that looking at the record is a task for the trial court. (*Gallardo*, at pp. 302-303 & fn. 3.) But we do not read *Gallardo* as erecting a rule precluding courts from assessing harmlessness by taking judicial notice of the record of conviction, and we choose to take such notice and assess harmlessness here.

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT


We concur:


_____, J.
BAKER


_____, J.
KIM (D.)

8